IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JAMES ROWELL,

              Petitioner,

     v.                                   CASE NO. 19-3123-SAC

DAN SCHNURR,

              Respondent.


**MEMORANDUM AND ORDER**

This matter is before the Court on a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se. Petitioner filed this action on July 9, 2019, and submitted a memorandum in support (Doc. 2) and a motion to excuse the one-year statute of limitations (Doc. 3). The Court directed a response on the motion, and respondent filed the response on November 25, 2019 (Doc. 14). The Court has considered the record and, for the reasons that follow, concludes this matter must be dismissed as time-barred.

**Background**

In 2003, petitioner entered a plea of no contest to one count of attempted first-degree murder, one count of aggravated robbery, and one count of aggravated kidnapping. At the time of the crimes, petitioner was 17 years old, but he was certified for adult prosecution under K.S.A. 38-1636. He was sentenced to a term of 310 months' imprisonment.

Petitioner appealed, but the Kansas Court of Appeals dismissed the appeal for lack of jurisdiction because petitioner had received a presumptive sentence. *State v. Rowell*, 109 P.3d 204 (Table), 2005 WL 824101 (Kan. App. Apr. 8, 2005).

In January 2011, petitioner filed a pro se motion to correct an illegal sentence. In that motion, he argued the state district court lacked jurisdiction to sentence him due to errors in his certification as an adult. The district court summarily denied the motion, and the Kansas Court of Appeals affirmed, finding that there was substantial competent evidence supporting the certification decision and that the district court had properly considered the statutory factors set out in K.S.A. 38-1636(e). *State v. Rowell*, 286 P.3d 239 (Table), 2012 WL 4794652 (Kan. App. Oct. 5, 2012), *rev. denied*, Jul. 19, 2013.

In July 2014, petitioner filed a motion under K.S.A. 60-1507, primarily alleging ineffective assistance by his trial counsel. The district court appointed counsel, conducted a status hearing, and summarily denied the motion, finding it was not timely. The Kansas Court of Appeals affirmed that decision. *Rowell v. State*, 401 P.3d 1063 (Table), 2017 WL 4216152 (Kan. App. Sep. 22, 2017), *rev. denied*, Aug. 30, 2018.

**Discussion**

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  The date on which the constitutional right asserted

> was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitation period generally runs from the date the judgment becomes "final," as provided by §2244 (d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The Rules of the Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused

by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

Here, petitioner's appeal from his sentence was dismissed on April 8, 2005, and petitioner did not seek review in the Kansas Supreme Court. The limitation period began to run in mid-2005 and expired in mid-2006.

Petitioner did not pursue any legal remedy until January 2011,

when he filed the motion to correct illegal sentence, and there is no basis for statutory tolling. Petitioner therefore may proceed only if he establishes grounds for equitable tolling. As stated, equitable tolling is available only when a petitioner shows that he diligently pursued his claims and that the failure to present the claim in a timely manner was due to extraordinary circumstances outside his control. Petitioner has not made this showing. First, because almost five years ran between the dismissal of his direct appeal and his filing of a motion to correct illegal sentence, the Court finds petitioner cannot establish the requisite diligent pursuit. Nor do petitioner's claims concerning his trial counsel meet the standard of egregious conduct identified in *Holland v. Florida*. The Court therefore concludes this matter must be dismissed due to petitioner's failure to commence it within the limitation period.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the ruling that petitioner failed to timely file this matter is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as time-barred, and no certificate of appealability will issue.

IT IS FURTHER ORDERED petitioner's motion to stay proceeding (Doc. 7) is denied as moot.

**IT IS SO ORDERED.**

DATED: This 14th day of January, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge